## WILLIAM MOODY, by next friend, *vs.* BENJAMIN BENSON.

The discretion exercised by justices of the peace, or trustees of the poor, in binding out poor children, may be reviewed on complaint to the court, or a judge in vacation.

Petition to be discharged from indentures of apprenticeship, on the ground of the invalidity of the binding.

The petitioner was bound by two justices of the peace of Kent

county, as a poor child having no parents able to maintain him and bring him up to industry, and in suitable employment.

*Frame* and *Comegys*, for the defendant, insisted that the adjudication of the magistrates on the question of the ability of the parent to maintain his children was conclusive, and was not subject to any revision by this court.

The first section of the act of 1827, concerning apprentices and servants, authorizes any two justices of the peace or trustees of the poor, to bind " any minor who has no parent, residing in this State, and who has not property sufficient for his or her maintainance ; and any minor, who has not parents able to maintain him or her and bring him or her up to industry and suitable employment."

The fourteenth section provides, that if any apprentice or servant according to this act shall have cause of complaint against his mas· ter, " for cruelty, ill usage, treatment not conformable to the terms of the binding, breach of contract, *the invalidity of the binding*, or of an assignment, or *other sufficient matter*, such person may prefer a petition to the Superior Court, or any judge, praying relief; and the court or judge, shall have power to discharge the petitioner, to order an assignment of the indentures, to give directions concerning the treatment of the petitioner, to rebind the petitioner, and to annex to any order in the premises any terms that they may deem just and equitable.

*The Court* considered this section as giving them full power of rehearing and revision in matters of binding apprentices under this law ; and maintained their jurisdiction to inquire into this question of the ability of the parent to maintain his children, and bring them up to industry and suitable employment. The jurisdiction of the justices or trustees of the poor in this matter, is specially delegated and restricted to certain cases; their acts are invalid unless strictly within this authority, and it would be lamentable, indeed, if there was no power of revision over the exercise of this authority. The terms of the fourteenth section of the law, are sufficiently large to give this revision to the court or a judge; and we think that such was the evident meaning and object of the legislature.

The court proceeded to hear testimony as to the ability of the father of these children to maintain them and bring them up to industry and suitable employment; and on the evidence on this point, they annulled the binding, expressly on the ground that it was not a fit case for the binding under this law.

*Bates*, sen. and jun., for petitioner.

*Frame* and *Comegys*, for defendant.